434 P.2d 455

**SPENCER AUTO SALES, INC., Plaintiff and Respondent,**

v.

**FIRST SECURITY BANK OF UTAH, N. A., HEBER BRANCH, Defendant and Appellant.**

**No. 10942.**

Supreme Court of Utah.

Nov. 27, 1967.

Ray, Quinney & Nebeker, Don B. Allen, Salt Lake City, for appellant.

John L. Chidester, Heber City, for respondent.

TUCKETT, Justice.

This is an action commenced by the plaintiff, Spencer Auto Sales, Inc., to recover from the Bank a portion of a reserve account being held by the Bank to secure certain conditional sales contracts sold to the Bank by the plaintiff. The district court granted the plaintiff's motion for a summary judgment and the Bank is here seeking a reversal of the court's disposition.

On July 29, 1965, the Bank and Spencer Auto Sales entered into a contract whereby the Bank agreed to purchase from Spencer Auto Sales, hereinafter referred to as the Dealer, such conditional sales contracts for the purchase of automobiles which are offered for sale by the Dealer and which are acceptable to the Bank. The contract provided that a portion of the payments made to the Bank on the contracts would be retained by the Bank in a reserve account, pledged by the Dealer to the Bank to insure performance of the contract, and

as a continuing security for all of the Dealer's obligations to the Bank. The contract further provided that quarterly, and upon demand of the Dealer, the Bank would release to the Dealer the amount by which the credit balance in the reserve account exceeded 5% of the total balances then unpaid on Dealer's contracts, provided the contract was then in effect. A further provision of the contract provided that the agreement might be terminated at any time by either party upon notice of the other, provided that such termination would not affect any contract discounted under the agreement.

On August 5, 1966, plaintiff made demand upon the Bank for the amount of reserve exceeding the 5%. On January 9, 1967, a further demand was made by the Dealer on the Bank for the excess reserve. Upon failure of the Bank to pay over the reserve as demanded by the Dealer, the Dealer commenced this action. There is no dispute as to amount of reserves being held by the Bank.

It is conceded by the Bank that it is obligated to refund quarterly all reserve funds exceeding 5% of the aggregate outstanding contracts upon the existence of two conditions: (1) the Dealer is not in default on any obligations to the Bank, and (2) the agreement is still in effect. The Bank further concedes that the Dealer was not in default on any of its obligations to the Bank.

However, the Bank does contend that the agreement had been terminated by the acts of the Dealer and that it was, pursuant to the terms of the contract, entitled to hold all of the reserve fund until such time as the Dealer's absolute and contingent obligations were paid and discharged.

The Bank claims that the Dealer had terminated the agreement by stating to the Bank in May 1966 that it was thinking of taking its business elsewhere, and that after that statement was made only one contract was sold by the Dealer to the Bank.

It would appear that the trial court was of the opinion that the acts and statements of the Dealer did not in fact terminate the contract. With this we agree.

It will be noted that the contract which was prepared on blanks furnished by the Bank did provide for termination in clear and explicit language. The Dealer did not attempt to terminate the agreement, nor did the Bank notify the Dealer of its intention to terminate until after this action was commenced. The Bank did not terminate the contract prior to the time of its obligation under the contract accrued and it cannot now escape its duty to pay over to the plaintif the amount due as found by the court below.

We are of the opinion that there is no genuine issue of fact requiring a trial and the court correctly decided the matter

pursuant to Rule 56(c), Utah Rules of Civil Procedure.[1] Judgment is affirmed. The plaintiff is entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.

1. Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624.